IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CARL EVANS, et al.,            :    CIVIL ACTION
                               :    NO. 10-1679
        Plaintiffs,            :
                               :
    v.                         :
                               :
LINDEN RESEARCH, INC., et al,  :
                               :
        Defendants.            :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                    FEBRUARY 3, 2011


I.   **INTRODUCTION**

Plaintiffs Carl Evans, Donald Spencer, Valerie Spencer, and Cindy Carter (collectively "Plaintiffs") initiated this contract and tort action against Defendants Linden Research, Inc. (the "Linden") and Philip Rosedale ("Rosedale"), (collectively "Defendants") on behalf of themselves and all others similarly situated.

Defendants bring three motions: (1) Motion to Dismiss Count I, arguing that Plaintiffs did not file their Complaint appropriately under the California Consumer Legal Remedies Act

-1-

(CLRA);[1]

(2) Motion to Dismiss Plaintiffs' Complaint in its entirety,

arguing that the case must be brought in the Northern District of

---

[1]     Defendants move to dismiss Count I, alleging that Plaintiffs violated the CLRA by failing to file a "venue affidavit" concurrently with the Complaint.  (Def. Mot. to Dismiss, doc. no. 11, page 22).  To bring an action under the CLRA, a plaintiff is required to file an affidavit "concurrently with the filing of the complaint" stating "facts showing that the action has been commenced in a county or judicial district described in this section as a proper place for the trial of the action."  Cal. Civ. Code § 1780(d).  "If a plaintiff fails to file the affidavit required by this section, the court shall, upon its own motion or upon motion of any party, dismiss the action without prejudice." Id.
         However, California's venue affidavit requirement is a procedural rule under Erie and as such, the Plaintiff in this case is not required to follow it.  Whether a state rule is substantive or procedural involves a two step analysis.  First, the Court must determine whether the state rule is in direct conflict with a Federal Rule of Civil Procedure.  Id.; Hannah v. Plumer, 380 U.S. 460 (1965).  If so, the Federal Rule prevails.  See Gasperini v. Center for Humanities, Inc., 518 U.S. 415 (1996).  However, if there is no direct conflict, the court considers the "twin aims" of the Erie doctrine: "discouragement of forum shopping and avoidance of inequitable administration of the laws." Hannah, 380 U.S. at 468.  The Supreme Court has added two qualifications to the Erie analysis.  First, a strong federal interest may dictate the application of the federal rule.  Second, the Erie doctrine cannot be used to avoid a Federal Rule of Civil Procedure.  See Chamberlain v. Giampapa, 210 F.3d 154, 159 (3d Cir. 2000) citing Byrd v. Blue Ridge Rural Electric Coop., Inc., 365 U.S. 525, 538 (1958); Hannah, 380 U.S. at 470.
         California's venue affidavit requirement is a procedural rule.  Although there is no direct conflict with a Federal Rule of Civil Procedure or a local rule, the venue affidavit requirement asks Plaintiffs to provide additional venue materials that federal courts do not.  Ultimately, the venue affidavit requirement is procedural (regardless of a conflict) because application of the requirement does not have a significant impact on the outcome of the case.  Under the requirement, the only penalty for failing to provide the affidavit is to have the claim dismissed without prejudice.  Thus, Defendants' Motion to Dismiss Count I of Plaintiffs' Complaint will be denied.

- 2 -

California pursuant to a mandatory forum selection clause in the relevant terms of service agreed to by the Plaintiffs; and (3) Motion to Transfer, arguing that if the Court does not dismiss Plaintiffs' Complaint, the case should be transferred to the Northern District of California as a more appropriate forum under 28 U.S.C. § 1404(a).[2]

For the reasons set forth below, the Court finds that the mandatory forum selection clause included in Defendants' current Terms of Service applies.  Thus, Defendants' Motion to Dismiss is granted in part and denied in part, and the case will be transferred to the Northern District of California.

## II.   BACKGROUND

Defendants are operators of Second Life, a virtual world, and Plaintiffs were participants.  In this virtual world participants create avatars and their avatars have friendships, make contracts, etc.  Participants were given the opportunity to buy and sell virtual goods including virtual land.  Plaintiffs allege that Linden and Rosedale advertised the idea that the virtual property rights of participants were going to be

---

[2]     Defendants argue in the alternative that if the Court denies Defendants' Motion to Dismiss for Lack of Jurisdiction, this case should be transferred to the Northern District of California under 28 U.S.C. § 1404(a).  As the Court finds that the forum selection clause applies in this case and as the Court is transferring the case to the Northern District of California, this argument is moot.

protected.  Plaintiffs contend that Defendants unlawfully confiscated their virtual property and denied them access to their virtual worlds.

Plaintiffs brought their complaint to this Court on April 15, 2010, and their amended complaint on June 16, 2010. Plaintiffs bring this action on behalf of themselves and all others similarly situated, seeking to establish a class action. Plaintiffs allege these counts: (1) violation of the California Consumer Legal Remedies Act, (2) violation of the California False Advertising Law (Cal. Bus. & Prof. Code § 17500), (3) violation of California Civil Code § 1812.600, (4) violation of the California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200), (5) Fraud/Fraud in the Inducement, (6) Conversion, (7) Intentional Interference with Contractual Relations/Prospective Economic Advantage, (8) Unjust Enrichment, (9) Wrongful Expulsion.

On July 9, 2010, Defendants filed a Motion to Dismiss arguing that the forum selection clause of their terms of service require Plaintiffs to file in the Northern District of California.  Simultaneously, Defendants filed an alternative Motion to Transfer arguing that this case should be transferred to the Northern District of California under 1404(a).

On July 30, 2010, Plaintiffs filed their opposition to Defendants' Motion to Dismiss and Motion to Transfer,

simultaneously raising a Motion for Leave to Conduct Discovery. On September 2, 2010, Defendants filed a Motion for Leave to Reply Brief in Support of their Motions to Dismiss and Transfer.

On September 9, 2010, after a hearing on Defendants' Motion to Dismiss the Court ordered supplemental briefing requesting the following information for each of Plaintiffs' Second Life accounts: (1) when the account was opened; (2) what Terms of Service governed the account when it was opened; and (3) if and when the Plaintiff later agreed to updated Terms of Service. Defendants filed their supplemental briefing, providing the requested information, on September 30, 2010. Plaintiffs responded on October 11, 2010. Defendants and Plaintiffs filed reply briefs on October 13, 2010 and October 15, 2010, respectively.


III. DISCUSSION

Defendants' move to dismiss for improper venue. They argue that the only Plaintiff that resides within this Court's district is Carl Evans. Defendants argue that Carl Evans agreed to the newly revised Terms of Service (TOS) that included a forum selection clause, requiring Plaintiffs to bring suit in the Northern District of California. Defendants argue that the venue provision is valid and enforceable. Defendants argue that TOSs that are offered on a "take it or leave it basis" are not de

- 5 -

facto unconscionable and that courts have upheld TOS agreed to in this manner.  Defendants also argue that the forum selection clause is not substantively unconscionable.

Plaintiffs respond by first arguing that the new TOS which includes the forum selection clause may not apply to certain members of the proposed class and certain accounts of each member.  Further, for the accounts where the new TOS does not apply, the Court's previous decision in Bragg v. Linden[3] applies to show that the TOS was unenforceable because it was unconscionable under California law.  487 F. Supp. 2d 593 (E.D. Pa. 2007)(Robreno, J.).  Plaintiffs also argue that the new TOS with the forum selection clause is invalid as it is unconscionable under California law.  They argue that the new TOS is unconscionable because it was offered on a "take it or leave it basis."

Under federal law, to show that a valid forum selection

_____

[3]      In Bragg, Plaintiff alleged similar claims, that Linden and Rosedale had unlawfully confiscated his virtual property. Bragg, 487 F. Supp. 2d 593.  The Court was asked to determine whether or not the Plaintiff could file in this jurisdiction because Plaintiff had signed Defendants' Terms of Service (TOS) that included a mandatory arbitration clause that required the Pennsylvanian Plaintiff to arbitrate in California (Defendants' state of residence).
       The Court applied California law and found that the arbitration clause of the governing TOS was invalid because enforcing the arbitration clause would be both procedurally and substantively unconscionable.  Thus, the clause was unenforceable, allowing Plaintiff to continue his action in this Court.  The Court denied both Defendants' Motion to Dismiss for Lack of Jurisdiction and Motion to Compel Arbitration.

clause is not enforceable, Plaintiffs' must make a strong showing
that (1) the forum selected is "so gravely difficult and
inconvenient" that the party "will for all practical purposes be
deprived of his day in court" or (2) the clause was procured
through "fraud and overreaching." <u>Foster v. Chesapeake Ins. Co.</u>,
933 F.2d 1207, 1219 (3d Cir. 1991)(quoting <u>M/S Bremen v. Zapata
Off-Shore Co.</u>, 407 U.S. 1, 15 (1972)).  Here, Plaintiffs do not
meet this standard as they do not show how applying the forum
selection clause will "deprive[ them] of [thier] day in court" or
that the Defendants acted fraudulently when obtaining Plaintiffs'
consent to the forum selection clause.

However, a forum selection clause may be unenforceable
where it is found to be unconscionable.  Although federal law is
applied to determine whether or not to give effect to a forum
selection clause, <u>Jumara v. State Farm Ins. Co.</u>, 55 F.3d 873, 877
(3d Cir. 1995), state law may apply when evaluating whether or
not the terms of the contract are unenforceable as
unconscionable.  <u>Feldman v. Google</u>, Inc., 513 F. Supp. 2d 229,
235 (E.D. Pa. 2007).

Under California law, terms of a contract can be
procedurally and/or substantively unconscionable.  "The
procedural component can be satisfied by showing (1) oppression
through the existence of unequal bargaining positions or (2)
surprise through hidden terms common in the context of adhesion

- 7 -

contracts." <u>Bragg</u>, 487 F.Supp. 2d at 605 (citing <u>Comb v. Paypal,</u> <u>Inc.</u>, 218 F. Supp. 2d 1165, 1172 (N.D. Cal. 2002)).  "The substantive component can be satisfied by showing overly harsh or one-sided results that 'shock the conscience.'"  <u>Id.</u>  "The two elements operate on a sliding scale such that the more significant one is, the less significant the other need be."  <u>Id.</u>

"Under California law, the critical factor in procedural unconscionability analysis is the manner in which the contract or the disputed clause was presented and negotiated." <u>Bragg</u>, 487 F. Supp. 2d at 606 (citing <u>Nagrampa v. MailCoups,</u> Inc., 469 F.3d 1257, 1282 (9th Cir. 2006)).  Here, Plaintiffs had to accept the TOS on a "take it or leave it" basis, with no reasonable market alternatives because Second Life was the first and only virtual world to grant its users property rights at the time.

Defendants argue that a "take it or leave it" basis for accepting the terms alone does not make the new TOS de facto unconscionable.  Defendants point to cases involving similar selection clauses have upheld, when applying California law, similar forum selection clauses.  <u>See e.g.</u>, <u>Hazaruk v. eBay</u>, No. 2:06CV242, 2006 WL 2666429 (D. Utah Sept. 14, 2006); <u>Person v.</u> <u>Google</u>, 456 F.Supp.2d 488 (S.D.N.Y. 2006).  However, these cases are not binding on this Court.  Also, Defendants cite to Third Circuit and Eastern District of Pennsylvania opinions that have

upheld "click-through venue provisions" but these cases are not applying California law.  See e.g., Schwartz v. Comcast Corp., No.06-4855, 256 F. App'x 515 (3d Cir. Nov. 30, 2007).

There appears to be at least some level of procedural unconscionability due to the nature of the power dynamic between the parties and the lack of negotiation.  However, "even if an agreement is procedurally unconscionable, it may nonetheless be enforceable if the substantive terms are reasonable." Bragg, 487 F. Supp. 2d at 607.  "Substantive unconscionability focuses on the one-sideness of the contract *terms*." Id. (emphasis added).

California courts have specifically addressed the issue of enforcing mandatory forum selection clauses like the one in this case.  "Although not even a 'mandatory' forum selection clause can completely eliminate a court's discretion to make appropriate rulings regarding choice of forum, the modern trend is to enforce mandatory forum selection clauses unless they are unfair or unreasonable.  Olinick v. BMG Entertainment, 42 Cal. Rptr. 3d 268, 274 (Cal. Ct. App. 2006)(quoting Berg v. MTC Electronic Technologies, 71 Cal. Rptr. 2d 523 (Cal. Ct. App. 1998)).

"If there is a mandatory forum selection clause, the test is simply whether application of the clause is unfair or unreasonable, and the clause is usually given effect." Id. "Claims that the previously chosen forum is unfair or

inconvenient are generally rejected." Id. "A court will usually honor a mandatory forum selection clause without extensive analysis of factors relating to convenience" because "[m]ere inconvenience or additional expense is not the test of unreasonableness of a mandatory forum selection clause." Id.

Here, the forum selection clause does not seem to meet the test of unconscionable or unreasonable under California law. When a person signs up for a Second Life account or logs into an existing account after Defendants' TOS has been changed, a dialogue box is displayed to the user with the full text of the most current TOS.  The user must affirmatively consent to the TOS by clicking "I Agree" before being able to access their account. Users who do not click "I Agree" are not allowed to continue in the login process to Second Life.  (Rountree Decl. ¶3.)

The second paragraph of the TOS reads, "By using Second Life, you agree to and accept these Terms of Service.  If you do not so agree, you should decline this Agreement, in which case you are prohibited from accessing or using Second Life."  (Linden Lab's March 31, 2010 Terms of Service ("TOS") ¶2, Def.'s Mot. to Dismiss Ex. 1 at 15 ("Def. Ex.").)  There is also a forum selection clause which reads:

> You agree that this Agreement and the relationship
> between you and Linden Lab shall be governed by the
> laws of the State of California . . . . Further, you
> and Linden Lab agree to submit to the exclusive
> jurisdiction and venue of the courts located in the
> City and County of San Francisco, California, except as

- 10 -

provided in Section 12.1 regarding optional
arbitration.

(TOS § 12.2, Def. Ex. 1:B-2 at 2.)  Thus, it is clear

that by clicking "I Agree," the user is knowingly agreeing to be

bound by the forum selection clause.

Moreover, the TSO contains an arbitration option which

reads:

[F]or any claim related to this Agreement or our
Service, excluding claims for injunctive or other
equitable relief, where the total amount sought is less
than ten thousand U.S. Dollars ($10,000 USD), either we
or you may elect at any point in or during a dispute or
proceeding to resolve the claim through binding non-
appearance-based arbitration. . . . [T]he arbitration
shall be conducted at the option of the party seeking
relief, by telephone, online or based solely on written
submissions. . . . [T]he arbitration shall not involve
any personal appearance by the parties or witnesses
unless otherwise mutually agreed by the parties. . .
[A]ny judgment on the award rendered by the arbitrator
may be entered in any court of competent jurisdiction.

(TOS § 12.1, Def. Ex. 1:B-2 at 2.)

In Bragg, where the Court found the arbitration clause

unconscionable, the arbitration clause[4] was mandatory no matter

the size of the claim and required the claimant to appear in San

---

[4]    In Bragg, the arbitration clause of the TOS at issue
provided:

Any dispute or claim arising out of or in connection
with this Agreement or the performance, breach or
termination thereof, shall be finally settled by
binding arbitration in San Francisco, California under
the Rules of Arbitration of the International Chamber
of Commerce by three arbitrators appointed in
accordance with said rules.

Bragg, 487 F. Supp. 2d at 604.

- 11 -

Francisco for a hearing on the claim.  By contrast, the arbitration clause in Linden's current TOS gives the claimant[5] the option for claims under $10,000 to proceed to arbitration and to have the claim heard by telephone, on-line, or by written submission, without having to appear in San Francisco.  Also under the current TOS, for any claim of $10,000 or more, the claimant retains the right to proceed in Court and is not compelled to go to arbitration as in <u>Bragg</u>.

Further, where the arbitration clause in <u>Bragg</u> required a panel of three arbitrators and arbitration pursuant to the procedures of the International Chamber of Commerce, the current TOS requires only that the party initiating arbitration do it "through an established alternative dispute resolution ("ADR") provider mutually agreed upon by the parties."  (TOS § 12.1, Def. Ex. 1:B-2 at 2.)  In light of these circumstances,[6] the forum selection clause of Linden's new TOS is not unfair or unconscionable.

_____

[5]    Linden also retains the option to demand arbitration of claims under $10,000.

[6]    If the claimant decides to proceed in Court, under the new TOS, California law will apply and the litigation must be brought in San Francisco.  Given that Linden operates nation-wide, Linden has a legitimate business interest in uniform application of the law and in centralizing litigation in one location.  This dual purpose is served by an agreement that California law applies and that the litigation of claims over $10,000 take place in San Francisco.  Moreover, the selection of California law is reasonable, given that Linden is located in California and that California law is in many ways a consumer-friendly forum.

Finally, to determine whether Linden's current TOS applied to each Plaintiff, the parties were asked to provide supplemental briefing regarding each account held by the Plaintiffs and which TOS each account had agreed too.  The information provided shows that each Plaintiff agreed to the March, 2010 TOS at some point before this action was brought. Thus, the forum selection clause requiring that any cases brought against the Defendant be brought in the Northern District of California is enforceable as to all Plaintiffs in this case.

## IV. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss is granted in part and denied in part.  The motion is granted in part as the forum selection clause will be enforced as to all Plaintiffs.  However, the motion is denied in part as the case will not be dismissed but instead will be transferred to the Northern District of California pursuant to 28 U.S.C. § 1406.  An appropriate order will follow.